UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIO S.,

               Plaintiff,

    v.                                                 5:23-CV-1207
                                                        (AMN/DJS)

MARTIN O'MALLEY, *Commissioner of Social Security*,

               Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.     FERGUS J. KAISER, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(e).

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 9, 14, & 15.  For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1971.  Dkt. No. 8, Admin. Tr. ("Tr."), p. 141.  Plaintiff reported having received a GED.  Tr. at p. 40.  Plaintiff's relevant past work included work as an industrial cleaner and in yard maintenance.  Tr. at pp. 41-42.  Plaintiff alleged disability based upon type 1 diabetes, thyroid disease, kidney disease, diabetic neuropathy both legs, chronic pain and permanent nerve damage in legs, torn rotator cuffs. COPD, crohn's disease, PTSD, bipolar with severe depression, intermittent explosive disorder, impulse disorder, anxiety, and major depressive disorder.  Tr. at p. 142.  Plaintiff's applications were initially denied in November 2020, Tr. at pp. 246-255, and upon reconsideration in May 2021.  Tr. at pp. 257-272.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. at p. 273, and the hearing took place before ALJ Jeremy Eldred on March 4, 2022, at which Plaintiff and a vocational expert testified.  Tr. at pp. 35-61.  A supplemental hearing was then held on June 6, 2022 where additional testimony was taken.  Tr. at pp. 62-78.  On June 27, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 13-25.  On August 24, 2023, the Appeals Council denied Plaintiff's

request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements through September 30, 2021, and had not engaged in substantial gainful activity since September 30, 2019, the alleged onset date. Tr. at p. 16. Second, the ALJ found that Plaintiff had the following severe impairments "type I diabetes, diabetic neuropathy, chronic kidney disease, Crohn's disease, chronic obstructive pulmonary disease (COPD), bipolar disorder, major depressive disorder, anxiety disorder, and intermittent explosive disorder." *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 17. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except:

> he can climb ladders, ropes, or scaffolds no more than occasionally; can climb ramps or stairs no more than frequently; can balance, stoop, kneel, crouch, or crawl no more than frequently; must avoid exposure to temperature extremes, high humidity, or wetness; must avoid exposure to concentrated dust, odors, fumes, or gases; can understand, remember, and carry out simple and routine instructions; can use judgment to make simple work-related decisions; can interact occasionally with supervisors, co-workers, or the public; and can appropriately adapt to ordinary changes in a routine work setting.

Tr. at p. 19. Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 23. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities, there were jobs in the national economy he could perform. Tr. at pp. 24-25. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 27.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

5

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff contends that the ALJ erred in his evaluation and consideration of the medical record, both by mischaracterizing Plaintiff's mental health limitations and selectively "cherry picking" from the record to support a conclusion that Plaintiff was not disabled. Dkt. No. 9, Pl.'s Mem. of Law at pp. 7-10.[2] In response, Defendant

---

[2] Plaintiff's Brief does not assert any legal error with respect to the ALJ's findings regarding Plaintiff's physical limitations.

submits that the ALJ properly evaluated a full and complete record. Dkt. No. 9, Def.'s Mem. of Law, pp. 6-12. Having reviewed the record and considered the arguments of the parties, the Court recommends that the ALJ's decision be affirmed.

"In assessing a claimant's RFC, an ALJ must consider all of the relevant medical and other evidence." *Mills v. Astrue*, 2012 WL 6681685, at *3 (N.D.N.Y. Dec. 21, 2012) (internal quotations and citations omitted); *see also Knapp v. Apfel*, 11 F. Supp. 2d 235, 238 (N.D.N.Y. 1998) ("The RFC is determined by considering all relevant evidence"). The evaluation of medical opinions is typically reserved to the discretion of the ALJ. *Andrew B. v. Comm'r of Soc. Sec.*, 2022 WL 21817115, at *7 (N.D.N.Y. July 6, 2022) ("it is the ALJ's responsibility to choose between properly submitted medical opinions"). The question for the Court is whether the RFC is supported by substantial evidence. *Mills v. Astrue*, 2012 WL 6681685, at *3.

In evaluating the Plaintiff's mental RFC, the ALJ found the opinions of two state agency medical consultants persuasive. Tr. at p. 22. H. Ferrin, Ph.D, made specific findings regarding Plaintiff's diagnosis and assessed Plaintiff's functioning this way:

I. Understanding and Memory: The claimant is able to understand and remember detailed instructions and procedures.

II. Sustained Concentration and Persistence: Although the claimant may have lapses in focus, motivation, and reliability, the frequency, intensity, and duration of these occurrences would not be expected to substantially detract from the claimant's ability to complete work-like procedures[.]

III. Social Interaction: The claimant is able to engage in appropriate interpersonal interactions with others to meet work related needs[.]

IV. Adaptation: The claimant has difficulty coping with stress and regulating his emotions, but is capable of adapting to changes in an ordinary work setting.

Tr. at p. 161.

In assessing Plaintiff's functioning, S. Hennessy, Ph.D found the following:

I. Understanding and Memory: The claimant is able to understand and remember any instructions and procedures.

II. Sustained concentration and persistence: The claimant exhibits some distractibility but, nevertheless, is able to sustain a normal workday and work week.

III. Social interaction: The claimant displays some difficulty with social interaction but is able to interact in an appropriate manner.

IV. Adaptation: The claimant has some trouble coping with stress but retain the capacity to deal with minor changes in an ordinary work setting.

Tr. at p. 210.

The ALJ found that those opinions were supported by an appropriate narrative explanation and found support in the objective medical record. Tr. at p. 22. "It is well settled that, under both the old and new regulations concerning the evaluation of medical evidence, an ALJ may rely on the opinion of a non-examining state agency consultant in disability claims." *Amber H. v. Saul*, 2021 WL 2076219, at *5 (N.D.N.Y. May 24, 2021). Those opinions clearly provide substantial evidence to support the RFC finding. The ALJ also found the consultative opinion of Jeanne Shapiro partially persuasive. Tr. at pp. 22-23. In doing so, the ALJ found certain restrictive limitations unsupported in the record. Tr. at p. 23. "There is no requirement that the agency accept the opinion of

a consultative examiner concerning a claimant's limitations, and the ALJ is free to disregard identified limitations that are not supported by the evidence of record." *Brian C. v. Comm'r of Soc. Sec.*, 2021 WL 1946503, at *5 (N.D.N.Y. May 14, 2021) (internal quotations omitted).

Plaintiff argues that the ALJ improperly "cherry picked" the evidence to reach his conclusion, but the record does not support this finding. The ALJ's analysis of Plaintiff's mental functional capacity included reliance on the opinions discussed above and a review of the objective medical evidence. Tr. at pp. 20-23. Plaintiff contends that the ALJ failed to properly account for individual negative notations in the record, Pl.'s Mem. of Law at p. 9, but a review of the citations provided by Plaintiff reveal that Plaintiff himself has engaged in a selective review of the record. Plaintiff, for example, cites to one part of the record for a May 5, 2020 mental health appointment where Plaintiff was characterized as "depressed." *Id.* (citing Tr. at p. 1103). Elsewhere in the record for that appointment, however, Plaintiff was reported to have appropriate perceptions, intact associations, was not considered a harm to himself, Tr. at p. 1103, and was reported to have a good response to ongoing therapy. *Id.* at p. 1102. Similarly while Plaintiff notes that records indicate he had had thoughts of the death, Pl.'s Mem. of Law at p. 9, the objective medical evidence repeatedly notes that there was no evidence of suicidal ideation over multiple appointments. *See, e.g.*, Tr. at pp. 1136, 1150, & 1162. To the extent there are conflicts in the medical record, "[i]t is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where

9

sufficient evidence provides for such," *Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015), and the record amply demonstrates that the ALJ fulfilled that responsibility. Plaintiff's allegation of cherry-picking should be rejected "because crediting it would require a court to re-weigh record evidence, and what a claimant may label as cherry-picking can often be described more neutrally as weighing the evidence." *Vanessa N. v. Comm'r of Soc. Sec.*, 2024 WL 4131242, at *3 (W.D.N.Y. Sept. 9, 2024) (internal quotations and citations omitted).

Contrary to Plaintiff's argument, much of which is pressed in conclusory terms, the ALJ's conclusions are well supported in the record. Plaintiff contends that remand is required because "the ALJ skipped over records" supportive of a disability finding. Pl.'s Mem. of Law at p. 8. However, "failure to cite specific evidence does not indicate that it was not considered." *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"). Nor is Plaintiff's argument that the ALJ did not consider information in the record which indicated Plaintiff's mental health difficulties supported by the record. *See*, *e.g.*, Tr. at p. 20 (referencing Plaintiff's suicide attempt). Nor is Plaintiff correct that the ALJ failed to cite any objective medical findings. *See*, *e.g.*, Tr. at pp. 17-18 & 22.

Plaintiff's arguments in support of remand clearly amount to little more than a request that the Court reweigh the evidence. The Court should decline the invitation.

"While Plaintiff may disagree with the ALJ's assessment of the record evidence, it is not this Court's role to reweigh the evidence." *Edward A. v. Saul*, 2020 WL 4015265, at *3 (N.D.N.Y. July 15, 2020); *see also Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the Complaint **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v.*

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 10, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge