UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIO M. S.,

                Plaintiff,

    v.                                                     5:23-cv-1207 (AMN/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **FERGUS J. KAISER, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.**       **INTRODUCTION**

        On September 27, 2023, Mario M. S.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding that Plaintiff was not disabled ("Complaint"). Dkt. No. 1.[2]

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on October 10, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 16 ("Report-Recommendation").  Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 11. Plaintiff filed timely objections on October 17, 2024.  Dkt. No. 17.  Commissioner filed a response to Plaintiff's objections on October 25, 2024.  Dkt. No. 18.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[3]  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[3] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

2

recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. *See* Dkt. No. 16 at 1-6. The Court turns to address Plaintiff's objections.

Plaintiff objects to the Report-Recommendation's finding that the Administrative Law Judge ("ALJ") sufficiently articulated an explanation of his evaluation of each medical source opinion. Dkt. No. 17 at 1. Specifically, Plaintiff argues that the ALJ did not properly explain how the medical opinions in the record were either consistent or inconsistent with the record evidence. *Id.* Plaintiff argues that the lack of an explanation constitutes a "[f]ailure to apply the correct legal standard," citing the requirements of 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). *Id.* at 2 (citing *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). Plaintiff concedes that he made this argument before Magistrate Judge Stewart, and therefore, Plaintiff's objection is subject to clear error review. *Id.* (citing Dkt. No. 9); *see Petersen*, 2 F. Supp. 3d at 228-29 & n.6.

The Court finds no clear error in the Report-Recommendation's treatment of Plaintiff's argument. There is no "reasonable doubt as to whether the Commissioner applied the proper legal standards," and therefore, Plaintiff's argument does not justify a remand for further administrative proceedings. *Dana Marie M. v. Comm'r of Soc. Sec.*, No. 621CV458GLSCFH, 2022 WL 2314560, at *1 (N.D.N.Y. June 28, 2022) (citing *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999)). 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2), "[a]t their most basic . . . require that the ALJ explain [his] findings regarding the supportability and consistency for each of the medical opinions, pointing to specific evidence in the record supporting those findings." *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) (internal quotation marks and citation omitted). As Magistrate Judge Stewart recognized, the ALJ did exactly that. Dkt. No. 16 at 8 ("[t]he ALJ found that [the medical opinions] were supported by an appropriate narrative explanation and found support in the objective medical record.") (citing Tr. at 22).[4] Thus, the ALJ did not ignore the applicable legal standard in articulating his findings in relation to the medical opinions.

Plaintiff further objects to the ALJ's alleged cherry-picking of the evidence. Dkt. No. 17 at 3 (taking issue with the ALJ's "failure to address" all of the mental health records and evidence); *id.* at 4 (noting the ALJ "conveniently omit[ted] evidence"). Again, Plaintiff made this argument before Magistrate Judge Stewart, and therefore, this Court reviews for clear error. *Id.* ("[a]s argued in Plaintiff's briefing . . ."). Magistrate Judge Stewart explicitly addressed the portions of the record Plaintiff cited as conspicuously absent from the ALJ's opinion and found that the ALJ did

---

[4] Unlike in *Raymond*, here, the ALJ did more than "mak[e] general reference to the [medical opinion provider's] expertise and experience, and his review of the available record" in explaining his findings on the persuasiveness of the medical opinions. *Id.* at *8. Instead, the ALJ cited specific points of the record supporting his findings.

4

explicitly consider evidence which weighed against his ultimate finding of no disability. Dkt. No. 16 at 9-10 (citing, *inter alia*, the ALJ's consideration of Plaintiff's suicide attempt). In addition, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits [the Court] to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013). In the context of evaluating medical opinions, the ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony." *DeRise v. Commissioner of Social Security*, No. 21-cv-565-KAM, 2023 WL 7166724, at (E.D.N.Y. Oct. 31, 2023) (citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)); *see also Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("the ALJ was not required to identify evidence explicitly rebutting the opinions of Smith's treating physicians before discounting or rejecting them"). Instead, "what [Plaintiff] . . . label[s] as cherry-picking can . . . be described more neutrally as weighing the evidence." *Vanessa N. v. Comm'r of Soc. Sec.*, 2024 WL 4131242, at *3 (W.D.N.Y. Sept. 9, 2024) (internal quotations and citations omitted). This Court finds no clear error in Magistrate Judge Stewart's conclusion that the ALJ provided more than enough reasoning for this Court "to glean the rationale" behind his decision. *Cichocki*, 729 F.3d at 178 n.3.

Plaintiff's cases finding impermissible cherry-picking are distinguishable. First, the cases show cherry-picking is sufficient grounds for remand only when accompanied by a legal error or a lack of substantial evidence supporting the ALJ's ultimate conclusions. *See Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (finding legal error because ALJ did not "explain how the opinion was consistent with the record, except to conclude that it was"); *Christopher B. v. Comm'r of Soc. Sec.*, No. 1:21-CV-01238 EAW, 2023 WL 110117, at *8 (W.D.N.Y. Jan. 5, 2023) (remanding for cherry-picking where ALJ's conclusions were not "supported by substantial evidence"); *Luke H. v. Saul*, 3:19-CV-720 (DJS), 2020 WL 4346789

(N.D.N.Y. July 28, 2020) (same). Also, two of the courts only remanded where they found the weight of the record evidence contradicted the ALJ's findings of persuasiveness. *See Loucks*, 2022 WL 2189293, at *2 (remanding because the cherry-picked portions contradicted the "weight of the evidence"); *Christopher B.*, 2023 WL 110117, at *8 (finding cherry-picking where the "majority" of the evidence "consistently" indicated impairments). Here, as discussed, there was no legal error. Moreover, Plaintiff's preferred evidence can hardly be considered to constitute the "weight of the evidence." Indeed, as Magistrate Judge Stewart noted, many of Plaintiff's citations include additional support for the ALJ's findings of persuasiveness. Dkt. No. 16 at 9-10. Thus, it is clear the ALJ's findings are supported by at least substantial evidence.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: November 19, 2024
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge